The STATE of Ohio, Appellee,

v.

COBB, Appellant.

[Cite as *State v. Cobb,* 153 Ohio App.3d 541, 2003-Ohio-3821.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–020757 and C–020773.

Decided July 18, 2003.

542

Julia L. McNeil, City Solicitor, Ernest F. McAdams Jr., City Prosecutor, and Keith C. Forman, Assistant City Prosecutor, for appellee.

Lisa K. Crawford, for appellant.

PAINTER, Judge.

{¶ 1} Appellant, James E. Cobb, was tried and convicted of domestic violence in violation of R.C. 2919.25. The trial court also found him guilty of violating a protection order under R.C. 2919.27, after he pleaded no contest. On appeal, he raises five assignments of error. His first assignment of error challenges the trial court's denial of his Crim.R. 29 motion for a judgment of acquittal made after the state's case-in-chief. His second assignment challenges the weight of the evidence concerning the protection-order conviction. His third assignment challenges the sufficiency of the evidence supporting his domestic-violence conviction. His fourth assignment challenges the sufficiency of the evidence supporting his conviction for violating the protection order, and his fifth assignment contends that the trial court erred by concluding that he had not proved self-defense.

{¶ 2} Cobb's challenges to his conviction for domestic violence center on whether the state had met its burden of establishing that he and the victim, Bonita Likely, had had a relationship that could be construed to be cohabitation. R.C. 2919.25(A) placed the burden on the state to prove that Cobb had knowingly caused or attempted to cause physical harm to a family or household member. In this case, there was no contention that Cobb and Likely were married. Thus, to convict Cobb, the state had to prove that Likely was a "person living as a spouse."[1] A person living as a spouse is a person who has cohabitated with the offender within five years of the alleged offense.[2]

{¶ 3} In *State v. Williams*,[3] the Ohio Supreme Court held that domestic violence, "as expressed in R.C. 2919.25(E)(1)(a) and related statutes, arises out of the relationship of the parties rather than their exact living circumstances." It also concluded that the essential elements of cohabitation, as the word is used in the statute, are "(1) sharing of familial or financial responsibilities and (2) consortium."[4] The court offered some nonexclusive factors for a trial court to consider when determining whether an alleged offender and a victim have cohabitated—the provision of food, shelter, clothing, utilities, and/or the commingling of assets.[5] As to consortium, some factors the court suggested were "mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of

---

1. R.C. 2919.25(F)(1)(a)(i).

2. R.C. 2919.25(F)(2).

3. *State v. Williams* (1997), 79 Ohio St.3d 459, 683 N.E.2d 1126, paragraph one of the syllabus.

4. Id., paragraph two of the syllabus.

5. Id. at 465, 683 N.E.2d 1126.

each other, friendship, and conjugal relations."[6] The factors "are unique to each case and how much weight, if any, to give to each of [the] factors must be decided on a case-by-case basis by the trier of fact."[7]

{¶ 4} With the foregoing in mind, we must determine when addressing the trial court's denial of Cobb's Crim.R. 29 motion "whether, viewing the evidence in the light most favorable to the state, a reasonable mind might fairly [have found] each element of the offense proven beyond a reasonable doubt."[8] Because Cobb moved for a judgment of acquittal only after the state's case (which is proper in a bench trial), we must review this assignment based on evidence presented during the state's case-in-chief.

{¶ 5} Likely testified that she and Cobb had been dating for 15 months before the incident. Likely said that during the last nine months before the assault, "[she and Cobb had] lived together. He had a key, but he never moved anything in. He was there every night, though." She explained that Cobb would come to her apartment "during the day and/or the early evening and would leave the next day saying he had to go to work * * *." According to Likely, she and Cobb had sex during this time. On cross-examination, Likely testified that she was married to someone else, that Cobb had kept sleepwear and slippers (but no toiletries or toothbrush) at her apartment, and that Cobb had maintained his own apartment. On redirect, Likely testified that Cobb had given her money for rent one month when she needed it and, on occasion, had provided her money for the telephone bill, groceries, and the license plates for her car.

{¶ 6} We conclude that a reasonable mind could not fairly find that the relationship between Likely and Cobb involved cohabitation. There was no evidence of sharing of familial or financial responsibilities. At most, there was a sporadic provision of money and conjugal relations.

{¶ 7} But this does not end our analysis. Although the evidence does not support a charge of domestic violence because the state has failed to prove cohabitation, the evidence does support the lesser-included offense of disorderly conduct under R.C. 2917.11(A)(1), a minor misdemeanor.[9] Under that statute, a person commits disorderly conduct if he or she "recklessly cause[s] inconvenience, annoyance, or alarm" by fighting, threatening harm to persons, or

---

6. Id.

7. Id.

8. See *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus; *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.

9. Accord *State v. Harris* (1996), 109 Ohio App.3d 873, 673 N.E.2d 237.

engaging in violent or turbulent behavior.[10]   When a trial court finds an offender guilty of domestic violence, it necessarily finds him or her guilty of the lesser-included offense of disorderly conduct.[11]   Further, R.C. 2953.07 and 2945.79, when read together, clearly provide that an appellate court "[can] modify a verdict where the evidence shows that the appellant was not guilty of the crime for which he was convicted, but is guilty of a lesser included offense * * *."[12]

{¶ 8} The record demonstrates that Likely informed Cobb that she wished to terminate the relationship.   Minutes later, Cobb demanded that she return some groceries and a bottle of perfume that he had purchased for her and pushed his way into Likely's apartment.   Cobb put both of his hands on Likely and threw her onto the couch, then to the floor, and then against a door, and shook her. This behavior lasted two or three minutes.   Likely had two bumps on her head and scratches and bruises on her legs.   Cobb's fingernails caused the scratches. A neighbor had observed Cobb attempting to force his way into Likely's apartment, heard Likely screaming, and saw the subsequent bruises, bumps, and scratches on Likely's body.   That same neighbor told Cobb to leave.

{¶ 9} According to Cobb, Likely threw a perfume bottle at his head when he had requested its return.   She then ran at him.   Because Cobb feared that Likely would injure him (he has a disease that inhibits his blood from clotting), he grabbed her around the waist and "slung" her to the floor.   When she again came at him, he pushed her to the couch.   According to Cobb, these actions were for his protection.

{¶ 10} We conclude that the evidence was sufficient to support a conviction for the lesser-included offense of disorderly conduct.   Because of our conclusion, we need not address Cobb's second or third assignment.   But we do need to address his fourth and fifth assignments.   And we address his fifth assignment first.

{¶ 11} In his fifth assignment, Cobb contends that his conduct was justified because he was acting in self-defense.   We conclude that this assignment is without merit.   The evidence at trial demonstrated that Cobb had pushed his way into Likely's apartment.   Thus, because Cobb was at fault in creating the situation that gave rise to the affray, he could not claim self-defense.   We overrule Cobb's fifth assignment.

{¶ 12} In his fourth assignment, Cobb argues that the evidence was insufficient to support his conviction for violating the protection order because he

---

10.   R.C. 2917.11(A)(1).

11.   *State v. Harris*, 109 Ohio App.3d at 876, 673 N.E.2d 237.

12.   *State v. Vanhorn* (Mar. 31, 1983), 8th Dist. No. 44655, 1983 WL 5899.

had proved that he and Likely were not cohabitating and because a motion for temporary protection under R.C. 2919.26 requires the involvement of a family or household member. Cobb pleaded no contest to recklessly violating the terms of the temporary protection order by contacting Likely after the order went into effect. The trial court found him guilty.

{¶ 13} One of the possible ways to obtain a protection order under R.C. 2919.26(A)(1) is to file a complaint alleging a violation of R.C. 2919.25. The temporary protection order is issued as a pretrial condition of release.[13] R.C. 2919.27(A) provides that no person shall recklessly violate the terms of a protection order issued under R.C. 2919.26.

{¶ 14} At the time Cobb violated the order, there had been no determination of his and Likely's cohabitation status. The fact that the state subsequently failed to prove its case did not negate the fact that Cobb had violated a court order that was valid and effective at the time he had violated it. We overrule his fourth assignment.

{¶ 15} Thus, we conclude that the evidence was sufficient to convict Cobb of violating the temporary protection order against him. But we hold that the evidence was insufficient to prove cohabitation and thus support his conviction for domestic violence in violation of R.C. 2919.25. And we conclude that the verdict finding Cobb guilty of domestic violence should be modified to reflect a verdict of guilty of disorderly conduct in violation of R.C. 2917.11(A)(1), a minor misdemeanor.

{¶ 16} Accordingly, we affirm the judgment in part, as modified, and vacate that part of Cobb's sentence relating to domestic violence. We remand this case to the trial court with instructions to enter a finding of guilt for a violation of R.C. 2917.11(A)(1), the minor misdemeanor of disorderly conduct, and to sentence Cobb appropriately for that offense.

> Judgment affirmed in part as modified,
> sentence vacated in part
> and cause remanded.

DOAN, P.J., and HILDEBRANDT, J., concur.

---

13. See R.C. 2919.26(C)(1).