OPINION
{¶ 1} Defendant-appellant, Mark V. Berry, appeals from his judgment of conviction in the Warren County Court of Common Pleas on one count of domestic violence. For the reasons outlined below, we reverse the decision of the trial court finding appellant guilty of domestic violence, but remand with instructions to the trial court to consider a conviction for the lesser included offense of disorderly conduct.
 {¶ 2} In July 2006, appellant was arrested for domestic violence after an altercation with his wife Carolyn. Appellant was charged with a misdemeanor in the first degree, in *Page 2 
violation of R.C. 2919.25(A). Appellant pled not guilty and proceeded to a bench trial, held October 10, 2006.
 {¶ 3} At the trial, Carolyn testified that she was folding clothes in the laundry room of their home when appellant confronted her about her relationship with her boss. After an argument, Carolyn testified that appellant threw a drinking glass he had been holding at her, narrowly missing her and shattering against the wall beside her. The shards of broken glass hit Carolyn's legs and feet, causing multiple lacerations and small puncture wounds.
 {¶ 4} Appellant also testified and admitted that he was angry over his wife's relationship with her boss and threw the glass down in anger. However, appellant testified that he threw the glass straight down onto the floor and not at Carolyn. Appellant testified that he was approximately five to six feet from Carolyn when he threw the glass.
 {¶ 5} Two other witnesses provided accounts to the trial court, including appellant's daughter, who related that she heard an argument and heard the glass shatter, but did not see where it was thrown. Also testifying for the state was Officer Quillan Short of the Hamilton Township Police Department, the responding officer who arrived to assist Carolyn. Officer Short testified that Carolyn was upset and bleeding from her legs and that he observed the shattered glass on the floor and milk from the drinking glass splattered on the wall, although there were no marks on the wall. The state admitted photographs into evidence which depicted the shattered glass and splattered milk. The state argued that the photographs depicted milk splatters which would suggest the glass hit the wall, as Carolyn testified. Appellant's counsel, however, argued that the milk was shown to be running straight down from the wall, indicating that the milk splashed up from the floor where the glass was thrown, as testified to by appellant.
 {¶ 6} After hearing the evidence and arguments, the trial court made the following findings: *Page 3 
 {¶ 7} "I think the physical evidence does reflect, the person it was presented by, Mr. Berry, the glass was slammed down on the ground in the vicinity of his wife. I think the physical evidence does reflect that. However, that's about as far as I would go with that statement, Mr. Berry. Because I think that act was done knowingly, I think that meets the statutory definition of knowingly. You slam the glass down on the ground, the glass shatters and cuts somebody's foot. That's what happens when glass gets thrown down on linoleum floors with concrete underneath. There is a likelihood that that is going to happen. And based upon that, I do think that the state meets their burden of proof on all elements of 2919.25 Section A Domestic Violence."
 {¶ 8} The court therefore entered a judgment of conviction and sentenced appellant to six months of community control. Appellant then filed this timely appeal, raising the following assignment of error for our review:
 {¶ 9} "THE TRIAL COURT ERRED IN FINDING [APPELLANT] GUILTY OF DOMESTIC VIOLENCE"
 {¶ 10} Appellant asserts that the trial court misapplied the statute to the facts of the case and found that appellant's knowing act of slamming the glass onto the floor satisfied the mens rea element of the offense. Appellant further argues that even if the court did make the necessary findings, insufficient evidence was presented to support a finding that appellant was aware that his actions would result in harm to Carolyn.
 {¶ 11} R.C. 2919.25(A), defining the crime of domestic violence, provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Appellant concedes that Carolyn is his wife, that he intentionally threw the glass onto the floor within five or six feet of her, and that this action resulted in harm to her. Therefore, the only element in dispute is whether appellant knowingly caused Carolyn physical harm. *Page 4 
 {¶ 12} Pursuant to R.C. 2901.22(B), "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." A defendant must be subjectively aware that a specified result is probable. See State v. Hancock, Hamilton App. No. C-030459, 2004-Ohio-1492, ¶ 44-47. It is a defendant's state of mind and perception which are measured; not an objective reasonable expectation. Id. This flows from the theme in Ohio law in which a person is presumed to intend the probable consequences of his voluntary acts. See State v. Tarver, Summit App. No 22057, 2004-Ohio 6748, ¶ 13.
 {¶ 13} In the case at bar, appellant argues that, although the trial court found that appellant acted knowingly in throwing the glass to the floor, it then failed to find that appellant was aware that his act was likely to result in harm. Appellant contends that the court improperly found appellant guilty for his knowing act alone, and applied only an objective standard of knowledge when finding that "[t]hat's what happens when glass gets thrown down on linoleum floors with concrete underneath. There is a likelihood that that is going to happen." We agree with appellant.
 {¶ 14} It is clear from the court's decision that the court found that appellant acted knowingly in slamming the glass to the floor. Appellant has even conceded that such act was intentional. But while the court makes a finding that a glass will commonly break when thrown to a concrete floor, the court did not conclude that appellant was subjectively aware that his actions would probably result in harm to his nearby wife. We are limited to the court's findings of fact, unless such findings of fact are against the weight of the evidence. While we are mindful that a defendant's subjective knowledge may be inferred from the circumstances, which would include appellant's angry, intentional slamming of the glass within five or six feet of his wife, the trial court failed to make such a finding in its decision. The trial court's factual findings in this case therefore do not amount to a legal conclusion that appellant knowingly caused physical harm, and we must reverse his conviction for domestic violence. *Page 5 
 {¶ 15} However, the court's findings are sufficient to consider a conviction for the lesser included offense of disorderly conduct, a minor misdemeanor in violation of R.C. 2917.11(A)(1). Under that section, "[n]o person shall recklessly cause inconvenience, annoyance, or alarm, to another by doing any of the following: (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior; * * *"
 {¶ 16} Pursuant to R.C. 2901.22(C), "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 17} "When a trial court finds an offender guilty of domestic violence, it necessarily finds him or her guilty of the lesser included offense of disorderly conduct." State v. Cobb, 153 Ohio App.3d 541,2003-Ohio-3821, ¶ 7; State v. Burgess (1992), 79 Ohio App.3d 584. In this case, appellant admits that he intentionally slammed the drinking glass on to the floor while standing within five to six feet of his wife Carolyn, which resulted in punctures and lacerations to her legs. Officer Short testified that Carolyn was highly upset and crying when he responded to the incident. We therefore remand this case to the trial court with instructions to consider whether appellant is guilty of the lesser included offense of disorderly conduct under R.C. 2917.11(A)(1).
 {¶ 18} We note that there has been some disagreement among Ohio districts as to whether disorderly conduct constitutes a lesser included offense of domestic violence. An offense may be a lesser included offense of another if "(i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, ever be committed *Page 6 
without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense." Burgess at 586, citingState v. Deem (1988), 40 Ohio St.3d 205. A number of districts have held that disorderly conduct under R.C. 2917.11(A)(1) is not a lesser included offense of domestic violence under R.C. 2919.25(A), pursuant to the second element of the Deem test, due to a potential scenario in which a person may attempt to cause harm without causing inconvenience, annoyance or alarm. See State v. Schaefer (Apr. 28, 2000), Green App. No. 99 CA 88; State v. Blasdell, 155 Ohio App.3d 423, 2003-Ohio-6392. However, this court is among those that have found that disorderly conduct is a lesser included offense of domestic violence.Burgess, 79 Ohio App.3d 584; see, also, Cobb, 153 Ohio App.3d 541;State v. Kutnar (Sept. 30, 1999), Lake App. No. 98-L-117.
 {¶ 19} The Ohio Supreme Court recently addressed the issue under another section of the domestic violence statute in Shaker Heights v.Mosley, 113 Ohio St.3d, 2007-Ohio-2072. The court, quoting this court's language in Burgess, explained that "it is not significant that the common elements of these two offenses were not stated in identical language in the statutes, because these common elements are implicit in the conduct that constitutes the offenses." Id. at ¶ 19. The court stated, "if a person commits an act, even a physical one, against a victim, and that act causes the victim to experience inconvenience, annoyance, or alarm, then the second prong in Deem is satisfied irrespective of the differing nature of the elements of the crimes at issue." Id. The court therefore held that disorderly conduct under R.C.2917.11(A)(1) is a lesser included offense of domestic violence under R.C. 2919.25(C).[1] When addressing the disagreement among the districts, the court distinguished those cases as dealing with subsection (A) of the domestic violence statute under R.C. 2919.25 and did *Page 7 
not render a judgment with regard to that specific subsection.
 {¶ 20} While the Supreme Court's holding in Mosley applies to a different section of the domestic violence statute, involving threats of violence, we find guidance in their favorable use of the language we employed in Burgess to find that disorderly conduct under R.C.2917.11(A)(1) is a lesser included offense of domestic violence under R.C. 2919.25(A). Further, because the Ohio Supreme Court made no explicit, negative ruling with regard to subsection (A), we continue to adhere to our earlier holding and find that R.C. 2917.11(A)(1) is a lesser included offense of domestic violence under R.C. 2919.25(A).
 {¶ 21} Accordingly, while we reverse appellant's conviction for domestic violence, we remand this case to the trial court with instructions to consider a conviction on the lesser included offense of disorderly conduct under R.C. 2917.11(A)(1).
 {¶ 22} Judgment reversed and cause remanded.
YOUNG, P.J. and BRESSLER, J., concur.
[1] R.C. 2919.25(C) provides that "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." *Page 1