**The STATE of Ohio, Appellee,**

v.

**HUBER, Appellant.**

[Cite as *State v. Huber*, 187 Ohio App.3d 697, 2010-Ohio-2919.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 07–CA–122.

Decided June 25, 2010.

Stephen A. Schumaker, Clark County Prosecuting Attorney, and Amy M. Smith, Assistant Prosecuting Attorney, for appellee.

Anderson Law, L.L.C., and Bradley D. Anderson, for appellant.

BROGAN, Judge.

{¶ 1} This case comes before us following our decision under App.R. 26(B) to reopen Joseph Huber's direct appeal.

{¶ 2} In 2007, a jury found Huber guilty of possessing 26 fentanyl patches in violation of R.C. 2925.11(A). The jury also found that Huber possessed between five and 50 times the bulk amount of this drug. Because fentanyl is a schedule II controlled substance, see R.C. 3719.41, SCHEDULE II, (B)(9), Huber was guilty of aggravated drug possession under R.C. 2925.11(C)(1). And, because of the amount the jury found that he possessed, the offense was a second-degree felony under R.C. 2925.11(C)(1)(c). In an oral motion for acquittal under Crim.R. 29, counsel argued that the state had failed to prove the requisite "bulk amount," but the trial court overruled the motion. The court sentenced Huber to the statutory maximum for a second-degree felony, eight years in prison. See R.C. 2929.14(A)(2). Huber appealed, but he did not argue that the evidence was insufficient to prove the requisite bulk amount. We affirmed his conviction on April 3, 2009, in *State v. Huber*, Clark App. No. 07–CA–122, 2009-Ohio-1637, 2009 WL 903297.

{¶ 3} On June 19, 2009, Huber filed an application to reopen his appeal under App.R. 26(B). He argued that appellate counsel rendered ineffective assistance by failing to argue that the state's evidence was insufficient to prove the bulk

amount. In a decision rendered September 25, 2009, we sustained the application to reopen, finding that Huber presented a colorable claim of ineffective assistance of appellate counsel. We appointed new appellate counsel and allowed Huber to file a brief limited to the evidentiary issue he raised in his application, which is now before us.

{¶ 4} Huber's sole assignment of error alleges:

{¶ 5} "Appellant was denied the effective assistance of appellate counsel when appellate counsel failed to argue the insufficiency of the evidence to support a conviction for possession of between five and fifty times the 'bulk amount' of fentanyl."

{¶ 6} Huber here argues both that counsel was ineffective and the merit issue that the evidence is insufficient to support the jury's bulk-amount finding. The state does not respond to the ineffective-assistance argument but focuses on the merit issue, implicitly conceding that appellate counsel was ineffective. Huber contends that the evidence is insufficient to prove that he possessed the bulk amount of fentanyl, and the state concedes. We agree. Accordingly, we sustain the sole assignment of error.

{¶ 7} The criminal code defines the "bulk amount" for a schedule II drug as "[a]n amount equal to or exceeding twenty grams or five times the maximum daily dose in the usual dose range specified in a standard pharmaceutical reference manual of a compound, mixture, preparation, or substance that is or contains any amount of a schedule II opiate or opium derivative." R.C. 2925.01(D)(1)(d). Here, the prosecutor sought to prove the bulk amount solely under the second disjunct, "maximum daily dose."

{¶ 8} "Maximum daily dose" may be proved in one of three ways. The First District in *State v. Montgomery* (1984), 17 Ohio App.3d 258, 17 OBR 526, 479 N.E.2d 904, said that as a question of fact, "maximum daily dose" must be proved "(1) by stipulation, (2) by expert testimony as to what a standard pharmaceutical reference manual prescribes, or (3) by a properly proven copy of the manual itself." Id. at 260, 17 OBR 526, 479 N.E.2d 904; contra *State v. Fisher*, Delaware App. No. 05 CAA 04 020, 2006-Ohio-2201, 2006 WL 1174525, ¶ 14 (stating that the Fifth District "specifically reject[s] the requirement of the *Montgomery* decision regarding how the maximum daily dose must be established"). We encountered *Montgomery* in *State v. Williams* (July 30, 1985), Montgomery App. No. 8997, 1985 WL 8766. Although we did not need to apply its holding there (an expert referred to an "approved pharmaceutical reference manual," which we found met the statutory requirement), we did say that we agreed with it in the pertinent respect. We still do.

{¶ 9} The prosecutor failed to prove the "maximum daily dose" of fentanyl. The record reveals no relevant stipulations, and nothing suggests that a properly proven copy of the manual was introduced. Nor is there any expert testimony as to what a standard pharmaceutical reference manual prescribes. See *State v. Skorvanek*, 182 Ohio App.3d 615, 2009-Ohio-1709, 914 N.E.2d 418, at ¶ 7–10 (concluding that while an expert did testify about the bulk amount, because the expert did not refer to a "standard pharmaceutical reference manual," as the second disjunct of the statutory definition of "bulk amount" requires, the state failed to prove the daily maximum dose amounts). A police officer, who was involved in the discovery of the drugs, testified that 26 100–microgram fentanyl patches were found. The officer then testified, without saying how he knew, that the bulk amount of fentanyl is two patches. Later, the state's expert, a forensic criminalist, testified that he analyzed the drugs and concluded that they were fentanyl patches. The expert's conclusion is also contained in a report that he prepared, but because the report concerned a number of other drugs as well, the trial court found it more prejudicial than probative and did not admit it into evidence.

{¶ 10} While the evidence is insufficient to prove that Huber possessed even the "bulk amount" of fentanyl, the evidence is sufficient to prove that he possessed at least some amount. "[A]n appellate court 'can modify a verdict where the evidence shows that the appellant was not guilty of the crime for which he was convicted, but is guilty of a lesser included offense.'" *State v. Cobb*, 153 Ohio App.3d 541, 2003-Ohio-3821, 795 N.E.2d 73, at ¶ 7, quoting *State v. Vanhorn* (Mar. 31, 1983), Cuyahoga App. No. 44655, 1983 WL 5899. Huber may be convicted of aggravated drug possession under R.C. 2925.11(C)(1)(a), which does not specify an amount, simply saying that "aggravated possession of drugs is a felony of the fifth degree."

{¶ 11} Accordingly, Huber's sole assignment of error having been sustained, our prior judgment in this case is vacated. See App.R. 26(B)(9). Huber's conviction for aggravated drug possession under R.C. 2925.11(C)(1)(c) is reversed, and this matter is remanded to the trial court with instructions to enter a finding of guilt for aggravated drug possession under R.C. 2925.11(C)(1)(a) and to sentence Huber appropriately for that offense.

Judgment accordingly.

FAIN and FROELICH, JJ., concur.