[Cite as *State v. Krieger*, 2018-Ohio-4483.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-12-167 |
| | : | O P I N I O N |
| - vs - | | 11/5/2018 |
| | : | |
| TIMOTHY D. KRIEGER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 2017CRB000990

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Elter Law Office, Nathan J. Elter, 212 North Broadway, Lebanon, Ohio 45036, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Timothy Krieger, appeals his conviction in the Warren County Court for one count of domestic violence against his wife, Kellie.

{¶ 2} Kellie, Krieger, their child, and Kellie's children from a previous relationship lived in the same home despite Kellie and Krieger going through divorce proceedings at the time. One afternoon, Kellie returned home and learned that her daughter from the previous

relationship and Krieger had an argument that day. Kellie confronted Krieger and expressed her extreme displeasure regarding the way he spoke to her daughter during the argument, and Kellie and Krieger began an argument of their own.

{¶ 3} Krieger walked away from Kellie, went to the master bathroom, and began a recording on his phone to capture what was to occur. Soon, Kellie confronted Krieger in the bathroom and stood in his way so that he could not leave. Krieger asked Kellie not to block his path, and when Kellie did not move to allow his exit, Krieger placed his hands on Kellie and pushed her out of the way so that he could leave.

{¶ 4} Kellie, who worked as a local government employee, called the police chief because she did not understand "what's right and what's wrong" in regard to domestic violence. However, she told the chief that she did not want police sent to her home. Kellie then called her divorce attorney. After speaking with her divorce attorney, Kellie texted the police chief and asked him to send a unit to her home.

{¶ 5} An officer soon responded and spoke with Krieger and Kellie. Krieger admitted to the officer that he pushed Kellie, but told the officer that he felt compelled to move her once she blocked his ability to leave the bathroom. After the investigation was complete, the officer filed a complaint in the Warren County Court against Krieger alleging one count of domestic violence. Krieger pled not guilty, and the matter proceeded to a bench trial.

{¶ 6} During trial, the state presented testimony from the responding officer and Kellie, and Krieger moved the court for acquittal at the close of the state's case-in-chief. The trial court denied Krieger's motion for acquittal, and Krieger then testified in his own defense. The trial court found Krieger guilty and sentenced him to 90 days in jail, 88 days of which were suspended. Krieger now appeals his conviction and sentence, raising two assignments of error. We will address Krieger's two assignments of error together, as the arguments are interrelated.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED IN DENYING APPELLANT'S OHIO CRIM. RULE 29 MOTION FOR ACQUITTAL AS APPELLEE FAILED TO ESTABLISH ALL ELEMENTS OF THE OFFENSE BEYOND A REASONABLE DOUBT.

{¶ 9} Assignment of Error No. 2:

{¶ 10} THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF DOMESTIC VIOLENCE.

{¶ 11} Krieger argues in his two assignments of error that the trial court erred in finding him guilty, essentially because his conviction was not supported by sufficient evidence.

{¶ 12} Crim.R. 29(A) provides that a trial court "on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." An appellate court reviews the denial of a Crim.R. 29(A) motion pursuant to the same standard as that used to review a sufficiency-of-the-evidence claim. *State v. Workman*, 12th Dist. Clermont Nos. CA2016-12-082 and CA2016-12-083, 2017-Ohio-8638, ¶ 19.

{¶ 13} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *Id.* at ¶ 20. The relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Watson*, 12th Dist. Warren No. CA2014-08-110, 2015-Ohio-2321, ¶ 22.

{¶ 14} Krieger was convicted of domestic violence in violation of R.C. 2919.25(A), which prohibits a person from knowingly causing or attempting to cause physical harm to a

- 3 -

family or household member. R.C. 2901.01(A)(3) defines "physical harm" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶ 15} Pursuant to R.C. 2901.22(B), "[a] person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." A defendant must be subjectively aware that a specified result is probable. *State v. Berry*, 12th Dist. Warren No. CA2006-11-133, 2007-Ohio-7082. The defendant's state of mind and perception are measured, not an objective reasonable expectation, when determining if the defendant acted knowingly. *Id.* This principle comports with the long-held maxim in Ohio law that a person is presumed to intend the probable consequences of his voluntary acts. *Id.*

{¶ 16} After reviewing the record, we find that the trial court erred in convicting Krieger of domestic violence because there is insufficient evidence to prove that Kellie was physically harmed, that Krieger attempted to harm her, or that Krieger acted knowingly.

{¶ 17} The statutory requirements for domestic violence require physical harm, or an attempt to physically harm, including injury, illness, or other physiological impairment. The record is undisputed that Kellie did not suffer any form of physical harm as a result of the incident. Kellie testified that she was not injured by Krieger pushing her, and the responding officer testified that he did not observe any injuries to Kellie. On cross-examination, the responding officer testified that during his investigation, "[Kellie] stated that she was not injured. She also stated she did not have any marks that she was aware of at the time." The officer was also asked why he did not take any photographs of Kellie during his investigation, and explained, "[Kellie] was not alleging any injuries or any visible signs of any injuries at that time."

{¶ 18} Nor did Kellie assert that any evidence of injury, such as bruising or marks,

- 4 -

developed in the days after the incident occurred. Even so, the state alleges that the lack of injury to Kellie is not grounds for reversal because the relevant statute criminalizes *an attempt to cause* physical harm, in addition to actually causing physical harm. The state asserts that Krieger's push was an attempt to harm because he was angry with Kellie when he pushed her.

{¶ 19} The state is correct that Krieger admitted to police on the day of the incident that he pushed Kellie. The state is also correct that this court has previously determined that a push can amount to "physical harm" when accompanied "by the requisite intent." *State v. Kelley*, 12th Dist. Warren No. CA2001-12-104, 2002-Ohio-5886, ¶ 24. However, there is no evidence in the record that Krieger pushed Kellie so that she would suffer physical harm because Krieger's only intent was to move Kellie out of his way. Nor is there evidence to support the state's contention that Krieger's push, even if he was angry with Kellie, could cause her to suffer physical harm. As such, and lacking the requisite intent, the push in the case sub judice did not amount to physical harm or an attempt to physically harm.

{¶ 20} The state also failed to prove the requisite mental state: knowingly. The state presented no evidence that Krieger pushed Kellie to cause or attempt to cause her physical harm or that Krieger was subjectively aware that harming Kellie was probable based on the way he physically moved her from his path.

{¶ 21} The record, including the recording Krieger made on his phone of what occurred during the incident, demonstrates that Krieger's actions were solely motivated by his need for Kellie to move so he could exit the bathroom, and that Krieger took no action beyond the minimal contact that was necessary to move Kellie from his path. During Krieger's testimony, he explained that he "did nudge [Kellie] twice, letting her know I want to get out and verbally was letting her know, excuse me, excuse me, you can't corner me." Kellie never disputed that she was blocking Krieger's egress or that she intentionally stood in

- 5 -

his way.

{¶ 22} Despite the state's contention that Krieger pushed Kellie out of anger, Kellie testified that Krieger did not threaten her or injure her, even when she refused Krieger's requests that she move so he could exit. Despite Krieger's attempt to diffuse the argument and leave Kellie's presence by exiting the bathroom, Kellie remained in Krieger's way and told him that he needed to "listen and stop being mean" to her daughter. At that point, and only after Kellie repeatedly refused to move, Krieger physically moved Kellie to accomplish his singular goal of regaining a means of egress from the bathroom. However, nothing on record suggests that Krieger took any unnecessary actions or used any excessive force to accomplish his purpose of leaving the bathroom.

{¶ 23} The evidence, even when viewed in a light most favorable to the prosecution, establishes that Krieger's only intent on the afternoon of the incident was to free himself from the bathroom and to move Kellie so that she was no longer blocking his path. He did not, however, knowingly cause or attempt to cause Kellie physical harm. As such, Krieger's conviction is not supported by sufficient evidence, and his two assignments of error are sustained. Krieger's conviction is reversed, his sentence is vacated, and he is discharged accordingly.

{¶ 24} Judgment reversed, and Krieger is discharged.

S. POWELL, P.J., and M. POWELL, J., concur.