THE STATE OF OHIO, APPELLEE,
*v.* BOYCE, APPELLANT.

(No. 51191—Decided
October 6, 1986.)

*John T. Corrigan,* prosecuting attorney, and *Melody A. White,* for appellee.

*Donald S. Tittle,* for appellant.

NAHRA, P.J. Anthony Boyce appeals his conviction, after a bench trial, of receiving stolen property, assigning as error that the evidence was insufficient to support a finding of guilt. We reverse and remand for proceedings consistent with this opinion.

I

Construing the evidence most strongly for the prosecution, the following facts give rise to the appeal.

Appellant and Melvin Bates were longtime friends. Bates often permitted appellant to borrow his car, an old Coronet.

Bates and Marcia Collier had a date to attend a prom on Friday, May 24, 1985. On that day, Collier's stepfather, Fred Booker, leased a Renault Alliance from Hertz until the following Monday. He returned home and turned the keys over to Bates, who was present with appellant and Collier, giving Bates permission to use the car to take Collier to the prom.

Bates and appellant rode around in

the Alliance for an hour or two during the afternoon of May 24. Appellant asked Bates repeatedly to let him drive the car, but Bates refused. At around 4:00 or 5:00 that afternoon, the men went to Bates' home, where Bates was to get ready for the prom. They planned for appellant, who was not going to the prom, to meet Bates at an after-prom party. As Bates was preparing to take a shower, appellant changed his clothes. Appellant asked Bates if he could use the key to the rental car to put some clothes inside. Bates gave him the key and took a shower. When he got out of the shower, appellant and the car were gone. Bates arranged to use another car for the prom when appellant did not return.

Bates and several others spent the weekend trying to locate appellant and the rental car. In particular, Bates went to areas where he knew appellant "hung out." Although people at these locations told Bates they had seen appellant—and the Alliance—Bates apparently just kept missing appellant.

Early Monday morning on May 27, Booker spotted the Alliance in the parking lot of a townhouse housing project near Wade Park Avenue. He walked up to the car and observed appellant sleeping in the backseat. Booker then flagged down a police car and explained the situation, whereupon the police woke appellant and arrested him. Appellant, dressed in formal, but rumpled attire, appeared to be coming out of a "deep sleep."

After finding appellant guilty of receiving stolen property, the trial court made the following comments:

"I tend to agree with you, it is one of the stupidest acts that I have ever seen which brings a Defendant before the Court. I don't think this is your typical receiving stolen property.

"* * *

"*It appeared to be an individual who kept that car too long and decided to keep it for the rest of the weekend.*" (Emphasis added.)

## II

The crime of receiving stolen property is prohibited by R.C. 2913.51(A) as follows:

"(A) No person shall receive, retain, or dispose of property of another, knowing or having reasonable cause to believe *that the property has been obtained through commission of a theft offense.*" (Emphasis added.)

R.C. 2913.02(A)(1) sets forth the relevant elements of a theft offense:

"(A) No person, *with purpose to deprive* the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

"(1) Without the consent of the owner or person authorized to give consent[.]"

Finally, the term "deprive," as used in the theft offense statute, is defined in pertinent part at R.C. 2913.01(C) as:

"(1) Withhold property of another permanently, or for such period as to appropriate a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration;

"(2) Dispose of property so as to make it unlikely that the owner will recover it[.]"[1]

---

[1] R.C. 2913.01(C)(3) additionally defines "deprive" as:

"(3) Accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return therefor, and without reasonable justification or excuse for not giving proper consideration."

However, as this court pointed out in *State v. Peck* (July 5, 1984), Cuyahoga App.

Thus in order for appellant to be guilty of receiving stolen property, the evidence would have had to show beyond a reasonable doubt that the property he possessed was originally taken from Bates with the purpose of disposing of it or of withholding it permanently or for such period as to appropriate a substantial portion of its value or use.

The facts and circumstances presented to the trial court tended strongly to support the inference that, although appellant probably took and retained the rental car without Bates' consent, he did *not* intend to "deprive" Bates of it within the meaning of R.C. 2913.01(C). In particular, the fact appellant was a longtime friend of Bates and in the habit of borrowing his car, coupled with the fact that appellant allowed himself to be seen with the car in all his usual hangouts, creates serious doubt the car was taken with the intent to dispose of or withhold it permanently or for such period as to appropriate a substantial portion of its value or use. It is significant that even the trial court believed appellant intended to keep the car at most for the weekend, and so stated. See *supra.*

---

No. 47572, unreported, literal application of the above definition to every unauthorized taking of a vehicle would result in the merger of grand theft auto (see R.C. 2913.02[B]) with the lesser included offense of unauthorized use of a vehicle, prohibited by R.C. 2913.03(B) as follows:

"No person shall knowingly use or operate an aircraft, motor vehicle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent, and either remove it from this state, or keep possession of it for more than forty-eight hours."

The legislature obviously did not intend such a result. We therefore construe R.C. 2913.01(C)(3) to require, at least with regard to automobiles, a purpose to withhold permanently or for an extended interval. *Peck, supra*; R.C. 2913.01(C)(1) and (2).

While there is no doubt sufficient evidence was presented to show appellant committed the offense of unauthorized use of a vehicle, R.C. 2913.03 (B) (see footnote, *supra*), this is not the crime for which he was charged and convicted.

In sum, the prosecution presented insufficient evidence to demonstrate, even circumstantially, that appellant possessed property originally obtained by a theft offense. The evidence was thus insufficient to support his conviction for receiving stolen property. His conviction must therefore be vacated.

*Judgment reversed.*

CORRIGAN and PARRINO, JJ., concur.