JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Haris Vrazalica, appeals his conviction and sentence handed down by the Cuyahoga County Court of Common Pleas, Criminal Division. After a review of the record and arguments of the parties, we affirm the conviction and sentence for the reasons set forth below.
 {¶ 2} Appellant was charged with grand theft of a motor vehicle, pursuant to R.C. 2913.02, on June 27, 2003. After a two-day jury trial, he was found guilty of the lesser included offense of unauthorized use of a motor vehicle, pursuant to R.C. 2913.03(B). On December 19, 2003, he was sentenced to two years of community control.
 {¶ 3} During trial, the state presented six witnesses, starting with Melissa Newell, a 23-year-old administrative assistant from North Olmsted. She testified that she had rented a 2003 Ford Mustang from Hertz on April 27, 2003 because her own automobile was being repaired. The rented vehicle was due to be returned to Hertz on April 30, 2003, and Newell asked for appellant's assistance in returning the vehicle because none of her family members were available to assist her. Instead, appellant took the vehicle without Newell's permission. She filed a police report on May 1, 2003 and notified Hertz that the car had been stolen.
 {¶ 4} Terri McEntire, a station manager for the Hertz Corporation, testified that the contract for rental of the car in question was issued to Melissa Newell on April 28, 2003, with no additional drivers authorized by Hertz. The car was due to be returned to Hertz two days later on April 30, 2003. There was a discrepancy, however, between the date of return listed on Hertz's internal rental report, May 2, 2003, and the Cleveland police report, which indicated that the car was recovered on May 5, 2003. McEntire acknowledged that the Cleveland police report indicated that the vehicle was recovered and impounded on May 5, 2003.
 {¶ 5} On the early morning of May 5, 2003, Andrea Smith, a friend of both Newell and the appellant, spotted appellant driving the vehicle in question down Lorain Avenue in Cleveland. She flagged down a police cruiser and informed the officers that the car the appellant was driving was stolen. The officers apprehended the appellant after he attempted to exit the vehicle and flee the scene. Newell was then called to the scene to identify the appellant and the stolen vehicle. Newell's and Smith's testimony regarding these events was corroborated by the officers involved.
 {¶ 6} Appellant testified on his own behalf. He stated that he was in possession of the rental car because he had asked Newell to rent a car for him since his drivers' license was suspended. Appellant maintained he paid Newell $760 and that she voluntarily dropped off the rental car at the hotel at which appellant and his friends were "partying," i.e. drinking alcohol and ingesting illegal drugs. He further testified that he was aware that the vehicle belonged to Hertz, that he did not have their permission to use it, and that he had not made any type of agreement with Hertz to rent the car. He further testified that he was briefly stopped in the rental car by Berea police on or about April 30, 2003 without incident, but that he ran from Cleveland police on May 5, 2003 because he was "scared."
 {¶ 7} Appellant now appeals his conviction and sentence and presents four assignments of error for our review.
 {¶ 8} "I. Appellant's conviction for unlawful use of a motor vehicle is against the manifest weight of the evidence."
 {¶ 9} "II. The jury's verdict is not supported by sufficient evidence."
 {¶ 10} "III. Appellant's conviction under R.C. 2913.03(b) must be overturned as he was convicted of an offense that was not presented to the grand jury."
 {¶ 11} "IV. Appellant's conviction under R.C. 2913.03(b) must be reversed as to the court improperly instructed the jury and did not require that all the elements of the crime be established beyond a reasonable doubt."
 Manifest Weight {¶ 12} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. Instead, "the [appellate] court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172,175, 485 N.E.2d 717, citing Tibbs v.Florida (1982), 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 752.
 {¶ 13} In his first assignment of error, appellant states that his conviction for unauthorized use of a motor vehicle was against the manifest weight of the evidence. The testimony given by appellant was in complete conflict with that given by Newell. Newell stated that the car was rented for her personal use; appellant alleged that Newell rented the car for him to use. The evidence showed that Newell reported the car stolen to the North Olmsted police and to Hertz on the day it was due to be returned to Hertz, and Newell credibly denied renting the car for appellant to use. Further, the bill for the rental charges for which Newell remained liable (approximately $276.61) was paid using a Visa credit card, which conflicts with appellant's assertion that he gave Newell cash to pay for the rental charges. Appellant testified that he has a prior felony record, was on probation at the time of this offense and was "partying" at a local motel with friends during the time he was in possession of the Hertz rental vehicle. Appellant also asserted that he called Newell from the hotel room, which corroborates her testimony that the appellant called her on April 30, 2003 when she asked him for assistance in returning the Hertz car.
 {¶ 14} There is no indication that the jury lost its way in this case. Because the trier of fact is in a better position to observe the demeanor of the witnesses and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. Upon reviewing the entire record, we find no reason that the jury's reliance on the evidence presented created a manifest miscarriage of justice, and the appellant's first assignment of error is hereby overruled.
 Sufficiency {¶ 15} In State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court reexamined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 16} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph 2 of the syllabus.
 {¶ 17} More recently, in State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 18} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486,55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbsv. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652,663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560." Id. at 386-387.
 {¶ 19} "Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case.Cohen v. Lamko (1984), 10 Ohio St.3d 167, 462 N.E.2d 407."
 {¶ 20} R.C. 2913.03 states:
 {¶ 21} "(A) No person shall knowingly use or operate an aircraft, motor vehicle, motorcycle, motorboat, or other motorpropelled vehicle without the consent of the owner or person authorized to give consent.
 {¶ 22} "(B) No person shall knowingly use or operate an aircraft, motor vehicle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent, and either remove it from this state or keep possession of it for more than forty-eight hours."
 {¶ 23} Newell testified that she never, at any time, gave appellant consent to drive the rented automobile. Testimony from Newell, the Hertz representative and the police officers involved establish that the car ceased to be in the possession of Newell on April 30, 2003 and was recovered on the early morning of May 5, 2003. Further, the Hertz representative testified that there was no contract between Hertz (the owner of the vehicle) and appellant. Appellant acknowledged that he had not rented the car and knew that he did not have Hertz's permission to operate it. Based on these facts, and viewed in the light most favorable to the prosecution, a rational trier of fact could have found the appellant guilty on the lesser included offense, and appellant's second assignment of error lacks merit.
 Jury Instructions and Lesser Included Offense {¶ 24} We review this assignment of error for plain error because trial counsel failed to object to any jury instruction. To constitute plain error, the error must be on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See State v. Tichon (1995), 102 Ohio App.3d 758, 767,658 N.E.2d 16. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions. State v.Waddell (1996), 75 Ohio St.3d 163, 166, 661 N.E.2d 1043; State v.Nolling, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice.State v. Phillips (1995), 74 Ohio St.3d 72, 83, 656 N.E.2d 643.
 {¶ 25} Generally, it is the duty of the trial judge in a jury trial to state all matters of law necessary for the information of the jury in giving its verdict. R.C. 2945.11. Correct and pertinent requests to charge the jury must be given by the trial judge, either as specifically proposed or within the substance of a general charge. State v. Perryman
(1976), 49 Ohio St.2d 14, 3 O.O.3d 8, 358 N.E.2d 1040.
 {¶ 26} In his third assignment of error, appellant argues that the instruction given at the conclusion of trial regarding a lesser included offense of the indicted charge was prejudicial because defense counsel requested an instruction as to R.C. 2913.03(A), and the trial court instructed the jury as to both subsections (A) and (B) of that statute. A jury instruction on a lesser included offense "is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense."State v. Thomas (1988), 40 Ohio St.3d 213, 533 N.E.2d 286, paragraph two of the syllabus. The evidence must be reviewed in the light most favorable to the appellant in this situation. State v. Wilkins (1980),64 Ohio St.2d 382, 415 N.E.2d 303. Unauthorized use of a motor vehicle is a lesser included offense of grand theft of a motor vehicle. State v.Young, Cuyahoga App. No. 79243, 2002-Ohio-2744, following State v. Smead
(Feb. 7, 1989), Montgomery App. No. 10922; see, also, State v. Fisher
(May 28, 1987), Cuyahoga App. No. 52182; State v. Boyce (1986),33 Ohio App.3d 295, 515 N.E.2d 982. Moreover, this court has specifically found that R.C. 2913.03(B) is a lesser included offense of R.C. 2913.02. Fisher, supra.
 {¶ 27} In the instant case, appellant testified that he did not intend to steal the car and believed that he was entitled to use it during the contract period because Newell had rented it for his use. R.C. 2913.02
(A)[1] clearly requires that the accused intended to permanently deprive the owner of the property rather than merely use the property beyond the owner's consent. State v. Rose, (1992)63 Ohio St. 3d 585, 589. Therefore, there was an issue as to whether appellant had the requisite purpose to deprive the owner (Hertz) of the vehicle in question.
 {¶ 28} Testimony was taken regarding the pertinent dates in this case; i.e. when the car was rented, when it was returned and when appellant was apprehended with the car. Appellant is incorrect in asserting that the jury could not have considered whether appellant kept the car longer than 48 hours past its due date because of lack of documentary evidence since the jury was free to consider the testimony of Newell, the appellant, the police officers and the representative from Hertz as to the dates and times of relevant incidents and weigh that testimony accordingly. Therefore, an instruction relative to unauthorized use of a motor vehicle, pursuant to both subsections of that statute, was proper. Appellant's third assignment of error is overruled.
 Jury Instructions and Reasonable Doubt {¶ 29} A defective jury instruction does not rise to the level of plain error unless it can be shown that the outcome of the trial would clearly have been different but for the alleged error. State v. Campbell
(1994), 69 Ohio St.3d 38, 630 N.E.2d 339; Cleveland v. Buckley (1990),67 Ohio App.3d 799, 588 N.E.2d 912. Moreover, a single challenged jury instruction may not be reviewed piecemeal or in isolation, but must be reviewed within the context of the entire charge. See, State v. Hardy
(1971), 28 Ohio St.2d 89, 276 N.E.2d 247; State v. Fields (1984),13 Ohio App.3d 433, 469 N.E.2d 939.
 {¶ 30} Appellant argues in his fourth assignment of error that his conviction should be reversed because the trial court erred in its instruction regarding the elements of the lesser included offense, as discussed above. Appellant asserts that the trial judge did not instruct jurors that the elements of R.C. 2913.03(B) must be established beyond a reasonable doubt. Again, defense counsel failed to object to any error in jury instructions, and we review this claim for plain error.
 {¶ 31} After a review of the entire jury charge in this case, we find that the trial judge adequately instructed the jurors that, were they to find defendant guilty on either the offense charged or on the lesser included offense, they must do so beyond a reasonable doubt as to all the elements of each offense. Appellant has failed to identify a specific failing or omission that would render the jury charge prejudicial such that the outcome of the trial would clearly have been different but for the alleged defect. Therefore, appellant's fourth assignment of error lacks merit and must be overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Karpinski, J., Concur.
[1] "§ 2913.02. Theft
(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
(1) Without the consent of the owner or person authorized to give consent;
(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
(3) By deception;
(4) By threat;
(5) By intimidation.
* * *
(B)(2) * * * If the value of the property or services stolen is five thousand dollars or more and is less than one hundred thousand dollars, a violation of this section is grand theft, a felony of the fourth degree. * * *"