DECISION.
{¶ 1} On August 30, 2003, defendant-appellant Fred Davis attended a family party. A van owned by Davis's great-nephew and his wife was parked outside the home where the party was taking place. At some point, Davis took the van to go to buy alcohol. As he was returning to the party, Davis lost control of the van and crashed into a tree. A police officer stated that Davis appeared to be intoxicated.
 {¶ 2} Davis was charged with theft of a motor vehicle, in violation of R.C. 2913.02(A)(1). At trial, the owners of the van testified that Davis did not have permission to drive it. Davis testified that he had his great-nephew's permission to drive the van. The owners testified that in the past they had given Davis permission to drive vehicles that they owned for business purposes. Davis's great-nephew stated that he "assumed [the accident] happened with [Davis] trying to sneak [the van] back up to the house without anybody knowing" that it had been gone. In cross-examining Davis, the prosecutor stated that Davis had "wrapped the van around a tree" on his "way back to the house."
 {¶ 3} The jury found Davis guilty, and he was sentenced as appears of record. He has appealed, raising one assignment of error, which essentially alleges that his conviction for theft of a motor vehicle was based upon insufficient evidence and was against the manifest weight of the evidence.
 {¶ 4} R.C. 2913.02(A)(1) provides that "no person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * without the consent of the owner or person authorized to give consent." Pursuant to R.C. 2913.01(C), "`Deprive' means to do any of the following: (1) Withhold property of another permanently, or for a period that appropriates a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration; (2) Dispose of property so as to make it unlikely that the owner will recover it; (3) Accept, use or appropriate money, property, or services, with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration."
 {¶ 5} The trial court instructed the jury that the prosecution had to prove that Davis had a "specific intention" to deprive the owners of the van. The court defined purpose as "a decision of the mind to do an act with a conscious objective of producing a specific result or engaging in specific conduct." The court stated that "to do an act purposely is to do it intentionally."
 {¶ 6} Davis's argument that his conviction was against the manifest weight of the evidence because the credible evidence showed that he had consent to drive the van fails because the owners of the van testified that Davis did not have their consent to drive the van. Issues of credibility were for the jury to decide. See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. The jury simply believed the owners' testimony.
 {¶ 7} Davis next argues that the evidence was insufficient to prove that he acted with the purpose to deprive the owners of the vehicle.
 {¶ 8} In State v. Boyce (1986), 33 Ohio App.3d 295,515 N.E.2d 982, Boyce and Melvin Bates were longtime friends. Bates had often permitted Boyce to borrow his car. Fred Booker leased an automobile from Friday to Monday, and gave Bates permission to drive it to a prom. Boyce repeatedly asked Bates to let him drive the rental car, but Bates refused. Boyce asked to borrow the keys to the rental car while Bates was in the shower so that Boyce could put some clothes in the car. Bates gave Boyce the keys. When Bates got out of the shower, Boyce and the car were gone. Boyce drove the car the entire weekend, visiting his regular "hangouts." On Monday morning, Boyce was found sleeping in the car.
 {¶ 9} The Eighth Appellate District held that although Boyce had taken and retained the car without Bates's consent, the evidence was insufficient to show that Boyce had intended to "deprive" Bates of the car within the meaning of R.C. 2913.01(C). The court stated that the "fact that [Boyce] was a longtime friend of Bates and in the habit of borrowing his car, coupled with the fact that [Boyce] allowed himself to be seen with the car in all his usual hangouts, creates serious doubt the car was taken with the intent to dispose of or withhold it permanently or for such period as to appropriate a substantial portion of its value or use."
 {¶ 10} The Fourth Appellate District held in State v.Sorrell (Nov. 4, 1991), 4th Dist. No. 767, that the evidence was insufficient to convict Sorrell of theft of a motor vehicle because there was no evidence that Sorrell intended to "deprive" the owner of her vehicle. Sorrell had an ongoing relationship with Elizabeth Rains, who owned a van. Sorrell and Rains had a daughter together. Rains had given Sorrell permission on previous occasions to use her vehicles. On one occasion, Rains refused to let Sorrell borrow her van. When Rains returned home, her van was gone. Rains reported the van stolen. Sorrell was later arrested in the van, apparently on an overnight business trip.
 {¶ 11} The Sorrell court held that the evidence was insufficient to prove that Sorrell had had the purpose to withhold Rains's van permanently or "for such a period as to appropriate a substantial portion of its use." The court noted the longtime relationship between Sorrell and Rains, that Rains had previously allowed Sorrell to use her vehicles, and that Sorrell had used the vehicle without permission on other occasions and Rains had not pressed charges. The court held that the evidence showed that Sorrell intended to return the van to Rains. The court noted that "the fact that [Sorrell] did not have Rains's permission to use the van and/or should have known that he had no such permission, is not indicative of what he intended to do with the van once he took it." The court stated that Sorrell could have been charged with unauthorized use of a vehicle.
 {¶ 12} In the instant case, Davis and his great-nephew were attending a family party. Davis previously had used vehicles belonging to his great-nephew and his wife with permission. Davis took the van to purchase more alcohol for the party. Both Davis's great-nephew and the prosecutor stated, and the evidence tended to show, that Davis was returning to the party with the van when the accident occurred. We hold that the evidence was insufficient to show that Davis had the purpose to "deprive" the owners of the van within the meaning of R.C. 2913.01(C)(1).
 {¶ 13} The evidence would have supported a conviction for unauthorized use of a motor vehicle under R.C. 2913.03(A), which provides that "no person shall knowingly use or operate a * * * motor vehicle without the consent of the owner or person authorized to give consent." Unauthorized use of a motor vehicle under R.C. 2913.03(A) is a lesser-included offense of theft of a motor vehicle under R.C. 2913.02(A)(1). See State v. Dennis,
10th Dist. No. 04-AP-595, 2005-Ohio-1530; State v. Young, 8th Dist. No. 79243, 2002-Ohio-2744; State v. Smead (Feb. 7, 1989), 2nd Dist. No. 10922. The jury was not given an instruction on or the opportunity to convict Davis for unauthorized use. When the evidence shows that a defendant is not guilty of the crime for which he was convicted, but is guilty of a lesser-included offense, this court may modify the conviction. See App.R. 12(B);In re Meatchem, 1st Dist. No. C-050291, 2006-Ohio-4128; Statev. Cobb, 153 Ohio App.3d 541, 2003-Ohio-3821, 795 N.E.2d 73;State v. Harris (1996), 109 Ohio App.3d 873, 673 N.E.2d 237.
 {¶ 14} The assignment of error is sustained. The judgment of the trial court is reversed, and the cause is remanded to the trial court with instructions to enter a conviction on the lesser-included offense of unauthorized use of a motor vehicle in violation of R.C. 2913.03(A), a first-degree misdemeanor.
Judgment reversed and cause remanded.
Gorman, J., concurs.
Painter, J., concurs separately.
Painter, J., concurring separately.
 {¶ 15} Davis made a "beer run" and wrecked the vehicle on the way back. No one disputes this. The only dispute is whether he had permission to drive the van.
 {¶ 16} This case was never a theft case — the elements just were not there. I was at first puzzled that the case was even indicted that way, and even more puzzled that the case went to a jury trial when the elements were not by any stretch of conjecture present. Even the prosecution's opening statement alleged only the elements of unauthorized use. But in reading the transcript, the answer appears: the original police report had the dates wrong, and instead of the vehicle being gone for a few hours, it seemed to have been more than two days. Maybe that mistake was the problem, but that would only make it a felony unauthorized use of a vehicle, not a theft.
 {¶ 17} Additionally, Davis offered to plead guilty if he would only do nine months of "local" time. Since the most he could have gotten anyway was six months' local time, all this — the jury trial, the appeal, the reversal — could have been avoided. Instead he got 18 months, which he has now apparently served. What a waste of jurors' time and taxpayers' money.