[Cite as *State v. Grier*, 2012-Ohio-330.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110240 |
| | | TRIAL NO. B-1006975 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| LARRY GRIER, | : | |
| Defendant-Appellant. | : | |
| | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 1, 2012


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran,* Assistant Prosecuting Attorney, for Plaintiff-Appellee.

*The Farrish Law Firm* and *Michaela M. Stagnaro,* for Defendant-Appellant.


Please note: This case has been removed from the accelerated calendar.

**LEE H. HILDEBRANDT, JR., Presiding Judge.**

{¶1} Following a bench trial, defendant-appellant Larry Grier was found guilty of burglary, a second degree felony, in violation of R.C. 2911.12(A)(2). In one assignment of error, Grier now claims that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. For the following reasons, we reverse Grier's conviction and hold that he is guilty of the lesser-included offense of third-degree burglary, in violation of R.C. 2911.12(A)(3).

## I. McMillian goes on Vacation and is Burglarized

{¶2} Maureen McMillian, a University of Cincinnati college student, lived in an apartment near campus. She had three roommates. On the morning of August 1, 2010, McMillian left for vacation. She testified that all three of her roommates were also on vacation at this time. That afternoon, McMillian received a telephone call informing her that the alarm installed in her apartment had been activated. Since McMillian was out of town, her landlord, John Glenski, met police at the apartment. At trial, Glenski testified that it appeared that someone had entered the apartment by breaking a window and climbing through it. Glenski also stated that, inside, a refrigerator had been moved and a trash can had been knocked over. The police officers who responded to the scene corroborated much of Glenski's testimony. And Detective Dennis Ficker testified that blood found on the broken window had been DNA-tested and that the DNA matched Grier's. When McMillian returned a week later, she found that nothing had been taken from the apartment.

## II. Sufficiency of the Evidence

**{¶3}** Although Grier asserts that his conviction was against the manifest weight of the evidence and unsupported by sufficient evidence, the substance of his argument attacks the sufficiency of the evidence, only. A conviction is supported by sufficient evidence when, after viewing all evidence in the light most favorable to the prosecution, a rational trier of fact could have found all of the elements of the offense proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1977), paragraph two of the syllabus; *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶4}** In pertinent part, R.C. 2911.12(A)(2) provides that no person, by force, shall " [t]respass in an occupied structure * * * that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense." Grier first contends that the state failed to prove that a person other than an accomplice had been "present or likely to be present" at the time of the offense. Grier is correct.

### No Proof of "Likely to be Present"

**{¶5}** It is undisputed that no one was at the apartment at the time of the break-in. Therefore, to sustain a conviction under R.C. 2911.12(A)(2), the state had to prove that someone was "likely to be present." To this end, the state is required to adduce evidence concerning the habits of the residents or others who have access to the premises to demonstrate the probability of actual occupancy at the time of the offense. *In re Meatchem*, 1st Dist. No. C-050291, 2006-Ohio-4128, ¶ 16; *State v. Brown*, 1st Dist No. C-980907 (Apr. 28, 2000); *State v. Cravens*, 1st Dist. No. C-980526 (June 25, 1999). "A person is likely to be present when a consideration of all

the circumstances would seem to justify a logical expectation that a person could be present." *State v. Green*, 18 Ohio App.3d 69, 72, 480 N.E.2d 1128 (10th Dist.1984). It is not enough for the state to simply prove that people dwelled in the residence. *State v. Fowler*, 4 Ohio St.3d 16, 18-19, 445 N.E.2d 1119 (1983); *Meatchem*; *Brown*; *Cravens*; *see also State v. Kilby*, 50 Ohio St.2d 21, 361 N.E.2d 1335 (1977).

{¶6} In this case, the state produced no evidence concerning whether McMillian and her roommates were "likely to be present" at the time of the burglary. The record reveals only that the four roommates were on vacation at the time of the break-in, and that McMillian did not return until a week later. No evidence was offered concerning whether it was likely that anyone could have been present at the time of the break-in. Based on this record, there is insufficient evidence, as a matter of law, to sustain a conviction for R.C. 2911.12(A)(2).

**The State Proved Intent**

{¶7} Grier next contends that the state failed to prove that he had intended to commit a criminal offense when he broke into McMillian's apartment. The intent of an accused person "dwells in his mind" and must be gathered from "surrounding facts and circumstance." *State v. Johnson*, 56 Ohio St.2d 35, 38, 381 N.E.2d 637 (1978), quoting *State v. Huffman* 131 Ohio St. 27, 1 N.E.2d 313 (1936), paragraph four of the syllabus. Here, there was testimony supporting a reasonable conclusion that Grier had moved the refrigerator and had knocked over a trash can. At a minimum this demonstrated that Grier had intended to commit—and in fact had committed—"criminal mischief" as defined in R.C. 2909.07(A)(1). The circumstances in this case also give rise to an inference that Grier may have intended to steal something, but was scared off by the apartment's security system before doing so.

*Compare State v. Flowers*, 16 Ohio App.3d 313, 315, 475 N.E.2d 790 (10th Dist.1984), overruled on other grounds by *State v. Fontes*, 87 Ohio St.3d 527, 2000-Ohio-472, 721 N.E.2d 1037 (where defendant was caught in the act of breaking and entering before committing any overt act, a jury reasonably inferred an intent to commit a theft offense). Grier's argument therefore fails.

### III. Grier is Guilty of Third-Degree Burglary

**{¶8}** Although Grier was wrongly convicted of second-degree burglary in violation of R.C. 2911.12(A)(2), we hold that there was sufficient evidence to convict him of third-degree burglary in violation of R.C. 2911.12(A)(3). In relevant part, that code section defines burglary as trespassing in an occupied structure by force with the purpose to commit any criminal offense in the structure. R.C. 2911.12(A)(3) is a lesser-included offense of R.C. 2911.12(A)(2). *Meatchem, supra*, at ¶ 23. The one element that R.C. 2911.12(A)(3) omits—that someone was present or likely to be present—is the only element that the state failed to prove in this case.

**{¶9}** "When the evidence shows that a defendant is not guilty of the degree of the crime for which he was convicted, but is guilty of a lesser-included offense, a court may, instead of granting a new trial, modify the conviction." *Meatchem, supra*, at ¶ 24. *See also* App.R. 12(B); Crim.R. 33(A)(4); *State v. Cobb*, 153 Ohio App.3d 541, 2003-Ohio-3821, 795 N.E.2d 73 (1st Dist.); *State v. Harris*, 109 Ohio App.3d 873, 673 N.E.2d 237 (1st Dist.1996). Accordingly, we reverse Grier's conviction for violating R.C. 2911.12(A)(2) and remand this case to the trial court with instructions to enter a judgment finding Grier guilty of violating R.C. 2911.12(A)(3) and to sentence Grier for that offense.

**{¶10}** Grier's assignment of error is sustained.

Judgment reversed and cause remanded.

**HENDON** and **DINKELACKER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.