[Cite as *State v. Piskac*, 2022-Ohio-1209.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

ALEX D. PISKAC,

        Defendant-Appellant.

**CASE NO. 2021-P-0051**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00673

---

## O P I N I O N

Decided: April 11, 2022
Judgment: Reversed and remanded

---

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*R. Tadd Pinkston*, The Law Office of R. Tadd Pinkston, LLC, 441 West Bagley Road, #283, Berea, OH 44017 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Alex D. Piskac, appeals his conviction for Grand Theft in the Portage County Court of Common Pleas. For the following reasons, we reverse the conviction and remand this matter for further proceedings consistent with this opinion.

{¶2} On September 10, 2020, the Portage County Grand Jury indicted Piskac on a single count of Grand Theft, a felony of the fourth degree in violation of R.C. 2913.02.

{¶3} On February 24, 2021, the case was tried before a jury. The following witnesses testified on behalf of the State:

**{¶4}** Deputy Jonathan Lavrich of the Portage County Sheriff's Office testified that, on September 1, 2020, at about 8:47 a.m., he was dispatched to the residence of Paulette Piskac in Palmyra Township in response to a report of the theft of a 2004 Jeep Liberty. Upon arriving, he learned that her son, Piskac, had the vehicle and was returning it to an Econo Lodge in Brimfield where Piskac's brother, Michael, was staying. Deputy Lavrich left for the motel and arrived at about a quarter to noon. He observed the Jeep arrive after a few minutes.

**{¶5}** Deputy Lavrich spoke to Piskac and advised him that the vehicle had been reported stolen. Piskac denied stealing the vehicle and told Lavrich that he was given permission to borrow the vehicle but was late in returning it.

**{¶6}** Paulette Piskac testified that, on the date in question, she lived with Edward Powers, the owner of the Jeep, and Piskac. On the evening of August 31, she went to bed at about ten o'clock. She awoke the following morning at about seven o'clock. She noticed that Piskac was not at home and that Powers' Jeep was missing. Piskac had previously taken her vehicle without permission to go fishing. She called Piskac but he did not answer. She then drove around to local fishing spots but did not find him. She then contacted the police and Michael.

**{¶7}** Edward Powers testified that, on the evening of August 31, he arrived home at about eleven thirty, left his keys on the key rack, and went to sleep. He awoke before eight thirty the next morning and learned that his keys and the Jeep were missing. He did not give anyone permission to use his vehicle. He went to the Econo Lodge to recover his vehicle. He noted that his work tools were still in the vehicle but that the back window was down and would not go back up because of a "bad regulator."

2

{¶8} The jury found Piskac guilty of Grand Theft. Following a sentencing hearing, Piskac was sentenced to 200 days in jail followed by a period of 12 months of supervision by the Portage County Adult Probation Department in the Intensive Supervision Program and 48 months under the General Division of Adult Probation. Piskac's sentence was memorialized in an April 12, 2021 Order and Journal Entry.

{¶9} On May 10, 2021, Piskac filed a Notice of Appeal. On appeal, Piskac raises the following assignments of error:

> [1.] The trial court erred to the prejudice of Mr. Piskac when it denied his Motion for Acquittal under Crim.R. 29(A) as the State presented insufficient evidence to convict him of Grand Theft.
>
> [2.] The trial court erred to the prejudice of Mr. Piskac when it returned a verdict of true against the manifest weight of the evidence.
>
> [3.] The trial court committed plain error when it failed to provide the jury with instruction sua sponte as to the lesser included offense of Unauthorized Use.
>
> [4.] Mr. Piskac was deprived of his right to the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section Ten, Article I of the Ohio Constitution.

{¶10} Under the first assignment of error, Piskac challenges the sufficiency of the evidence. We find this argument to have merit and to be dispositive of the appeal.

{¶11} "A claim challenging the sufficiency of the evidence invokes a due-process concern and raises the question whether the evidence is legally sufficient to support the jury verdict as a matter of law." *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 165; Crim.R. 29(A) ("[t]he court * * * shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction").

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence

3

admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "Evaluation of the witnesses' credibility is not relevant to a sufficiency analysis." *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 207.

{¶12} In order to convict Piskac of Grand Theft, the State had to prove, beyond a reasonable doubt, that he, with purpose to deprive Powers of his motor vehicle, knowingly obtained or exerted control over the vehicle without Powers' consent. R.C. 2913.02(A)(1) and (B)(5). For present purposes, "'[d]eprive' means to * * * [w]ithhold property of another permanently, or for a period that appropriates a substantial portion of its value or use." R.C. 2913.01(C)(1). The only element of Grand Theft in dispute in the present case is whether Piskac purposed to permanently deprive Powers of the vehicle.

{¶13} The State notes the following as circumstantial evidence that Piskac purposed to deprive (as defined by the statute) Powers of the vehicle: "the vehicle was taken in secret, to an unknown location, and for an unspecified period of time." Brief of the State at 7 (so also the following quotations). In the present case, such evidence is not probative of Piskac's intentions. Although Piskac took the vehicle in secret, he did nothing to conceal the fact that he took the vehicle. His mother readily deduced from the absence of Piskac and the vehicle from the home that Piskac had taken the vehicle. While Piskac's destination may have been unknown, the vehicle was recovered from a pre-arranged location within twelve hours of its disappearance.

4

{¶14} "[Piskac] used up a quantity of gas that belonged to [Powers] without compensation for that gas upon return of the vehicle, the back window of the Jeep was broken in a permanently down position due to [Piskac's] use." That Piskac used gas that did not belong to him is irrelevant. With respect to the window, Powers testified it was not Piskac's fault.

{¶15} "There is nothing in the past relationship between [Piskac] and [Powers] * * * to indicate [Piskac's] intention of unauthorized use and return of [Powers'] vehicle [sic]." The absence of evidence as to Piskac's intentions in taking the vehicle does not permit an inference that he intended to deprive Powers of its use. The burden was on the State to introduce evidence from which the intent to deprive could be inferred.

{¶16} "[Powers] does not appear to have a close relationship with Paulette's son [Piskac], he does not even have [Piskac's] phone number." Again, these facts are irrelevant with respect to Piskac's intentions. Piskac, Powers and Paulette were residing together when the vehicle was taken so that it would be obvious who took the vehicle.

{¶17} "Without the sheriff[']s intervention * * * [Powers'] Jeep might still be in some undisclosed location today." This statement is not supported by the evidence. According to Deputy Lavrich's testimony, by the time he spoke with Michael by phone from Paulette's home, the return of the vehicle had already been arranged. While Paulette did send Piskac a text message threatening to call the police if he did not get in touch with her, there is nothing in the record indicating that this threat had any influence upon Piskac's conduct.

5

**{¶18}** The State points to nothing in the record from which it could be reasonably inferred that it was Piskac's purpose to withhold the vehicle permanently or for a period of time sufficient to appropriate a substantial portion of its value or use.

**{¶19}** Piskac cites several cases illustrating situations in which it was found that there was insufficient evidence of an intent to deprive. In *State v. Boyce*, 33 Ohio App.3d 295, 515 N.E.2d 982 (8th Dist.1986)[1], Boyce took a vehicle from a friend, Bates, without the owner's consent (the vehicle had been leased and was in Bates' possession). Boyce was found sleeping in the vehicle two days later. The court of appeals noted: "the fact [Boyce] was a longtime friend of Bates and in the habit of borrowing his car, coupled with the fact that [Boyce] allowed himself to be seen with the car in all his usual hangouts, creates serious doubt the car was taken with the intent to dispose of or withhold it permanently or for such period as to appropriate a substantial portion of its value or use." *Id.* at 297.

**{¶20}** In *State v Sorrell*, 4th Dist. Highland No. 767, 1991 WL 238194, Sorrell took a van belonging to a woman (Rains) with whom he had a long-term relationship ostensibly for a "business trip." Sorrel had used Rains' van on prior occasions, both with and without her permission. He was arrested with the van in another county. In reversing the theft conviction, the court of appeals noted that "the fact that appellant did not have permission to use the van and/or should have known that he had no such permission, is not indicative of what he intended to do with the van once he took it." *Id.* at *3.

---

1. Although this case involves Receiving Stolen Property, the purpose to deprive another of property is the same.

Case No. 2021-P-0051

{¶21} In *State v. Davis*, 1st Dist. Hamilton No. C-040411, 2006-Ohio-4599, Davis had taken a vehicle belonging to a family member from a party to purchase alcohol and drove into a tree returning to the party. The court of appeals held "that the evidence was insufficient to show that Davis had the purpose to 'deprive' the owners of the van within the meaning of R.C. 2913.01(C)(1)." *Id.* at ¶ 12.

{¶22} In the present case, as in the preceding cases, Piskac was known by and had a relationship with the person from whom the vehicle was taken. As noted above, nothing in the record suggests that he tried to conceal the fact that he took the vehicle. When contacted by a family member, he arranged to return the vehicle and did so within a few hours. In the absence of any countervailing evidence probative of a purpose to deprive Powers of the vehicle, the evidence in this case is insufficient to sustain a conviction for Grand Theft.

{¶23} The first assignment of error is with merit.

{¶24} In the second assignment of error, Piskac argues the verdict is against the manifest weight of the evidence. By virtue of the fact that there was insufficient evidence to sustain the conviction with respect to purpose, the conviction is necessarily against the manifest weight of the evidence. *State v. Short*, 2017-Ohio-7200, 144 N.E.3d 1037, ¶ 22 (2d Dist.) ("[w]here there is insufficient evidence to support a conviction, it will also necessarily be against the manifest weight of the evidence").

{¶25} The second assignment of error is with merit.

{¶26} In the third assignment of error, Piskac contends he was entitled to a jury instruction on the lesser-included offense of Unauthorized Use of a Motor Vehicle and, in the fourth assignment, that he received ineffective assistance of counsel based largely

7

on counsel's failure to request a jury instruction on Unauthorized Use. These assignments of error are rendered moot by our resolution of the first assignment of error.

{¶27} This court has recognized: "There is no doubt that the unauthorized use of a motor vehicle [R.C. 2913.03] is a lesser included offense of grand theft of a motor vehicle since the common elements to both offenses are (a) knowing use (b) of a motor vehicle (c) without consent. A fourth element, that of intent to deprive, is found only in the greater offense of grand theft of a motor vehicle." *State v. Meeks*, 11th Dist. Lake No. 2007-L-057, 2007-Ohio-6559, ¶ 29; R.C. 2913.03(A) ("[n]o person shall knowingly use or operate * * * [a] motor vehicle * * * without the consent of the owner"). In the present case, the evidence supported a conviction for Unauthorized Use of a Motor Vehicle, a fact not disputed by either trial or appellate counsel.

{¶28} When the evidence is insufficient to support a conviction for the indicted offense but sufficient to support a conviction for a lesser-included offense, the court of appeals may modify the verdict accordingly, even where the jury was not given an instruction on the lesser offense. *State v. Blenman*, 2021-Ohio-3076, 177 N.E.3d 1039, ¶ 25 (11th Dist.) ("even though a jury instruction was not given upon the lesser included offense * * *, [appellant] is not prejudiced by entry of a conviction for that offense because the jury was instructed upon and considered all of the elements of the lesser included offense * * * and found that those elements were proved beyond a reasonable doubt"); *State v. Petit*, 12th Dist. Madison No. CA2016-01-005, 2017-Ohio-633, ¶ 29 ("Ohio appellate courts have routinely ordered entry of a conviction for a lesser included offense in [such] circumstances"); *Davis*, 2006-Ohio-4599, at ¶ 13 ("[w]hen the evidence shows

8

that a defendant is not guilty of the crime for which he was convicted, but is guilty of a lesser-included offense, this court may modify the conviction").

{¶29} For the foregoing reasons, Piskac's conviction for Grand Theft is reversed and this case is remanded with instructions for the trial court to vacate the Grand Theft conviction in violation of R.C. 2913.02, enter a judgment of conviction on the lesser-included offense of Unauthorized Use of a Motor Vehicle in violation of R.C. 2913.03, and resentence Piskac accordingly. Costs to be taxed against the appellee.

CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2021-P-0051