[Cite as *State v. Salaam*, 2015-Ohio-4552.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-150092 |
| | | C-150099 |
| Plaintiff-Appellee, | : | TRIAL NO. 15CRB-1429 |
| vs. | : | *O P I N I O N.* |
| ISMAIL SALAAM, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 4, 2015

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Melanie J. Reising*, Senior Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**Sᴙʟᴠɪᴀ S. Hᴇɴᴅᴏɴ, Presiding Judge.**

{¶1}   Defendant-appellant Ismail Salaam has appealed from the trial court's entry convicting him of domestic violence.  Salaam challenges the trial court's admission of testimony about recorded jail telephone calls that he had made and the sufficiency and the weight of the evidence supporting his conviction.  We hold that the trial court erred in admitting testimony regarding the recorded jail telephone calls.  But because the error was harmless, and because Salaam's conviction was supported by both the sufficiency and the weight of the evidence, we affirm the trial court's judgment.

### *Facts and Procedure*

{¶2}   The victim of Salaam's offense was his live-in girlfriend, Maliyah Housworth.  On January 19, 2015, Housworth and Salaam got into an argument after Salaam informed Housworth that he was leaving her.  This upset Housworth, who did not want Salaam to leave without paying their home's electric bill.  According to Housworth, she and Salaam bumped into each other in the hallway after he told her that he was leaving.  Although the bump had been accidental, Salaam followed it by purposely kicking Housworth on her behind, causing her pain.  Housworth then admittedly "went crazy," because Salaam had kicked her.  The two started "tussling on the couch."  Housworth suffered a bruise on her behind, a scratch to her face, a bruise on her arm, and an injury to her eye.  Both Housworth and Salaam agreed that, during this latter incident, Salaam was predominately attempting to restrain Housworth while she swung at him.

{¶3}   Salaam was arrested and charged with domestic violence, in violation of R.C. 2919.25(A), and his case proceeded to a bench trial.  During trial, the state offered rebuttal testimony from Cincinnati Police Officer Daniel Kowalski.  Officer Kowalski testified that he had monitored telephone calls to Housworth that Salaam had made while incarcerated.  Officer Kowalski had not been responsible for recording the conversations; rather, the telephone calls had been recorded by a Global Tel Network that automatically records all jail telephone conversations.  After accessing and reviewing Salaam's telephone calls, Officer Kowalski requested and received several discs containing recordings of these calls.  The discs had been generated by an employee of the Hamilton County Sheriff's Department.

{¶4}   Over Salaam's objection, Officer Kowalski testified about the content of the calls.  During the calls, Salaam had stated that he had smacked Housworth because she had "burned" him; that he would harm Housworth if she came to testify in court; and that he would kill Housworth if he were sentenced to jail time.  Although the trial court allowed Officer Kowalski to testify about the content of these telephone conversations, it sustained Salaam's objection and did not allow the state to admit the discs containing the recorded calls into evidence.  The court determined that the discs were a business record that had not been appropriately authenticated by the person who maintained the record.

{¶5}   At the close of evidence, the trial court found Salaam guilty as charged and sentenced him to 180 days' incarceration.

### Evid.R. 1002

{¶6}   In his first assignment of error, Salaam argues that the trial court admitted Officer Kowalski's testimony about the recorded jail telephone calls in

violation of Evid.R. 1002. He contends that the original recorded conversations should have been introduced to prove the content of the conversations. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *See State v. Woods*, 1st Dist. Hamilton Nos. C-130413 and C-130414, 2014-Ohio-3892, ¶ 39, citing *State v. Buell*, 22 Ohio St.3d 124, 133, 489 N.E.2d 795 (1986). An abuse of discretion "connotes more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court." *Pembaur v. Leis*, 1 Ohio St.3d 89, 91, 437 N.E.2d 1199 (1982).

{¶7} Evid.R. 1002 provides that "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly * * *." Evid.R. 1004 contains exceptions to this rule of law requiring the original to be introduced into evidence. It provides that an original is not necessary to prove the content of a writing, recording, or photograph if the original has been lost or destroyed, the original cannot be obtained, the original is in the possession of an opponent who will not produce it, or if the original concerns collateral matters and is not closely related to a controlling issue. *See* Evid.R. 1004.

{¶8} Through Officer Kowalski's testimony, the state introduced the content of Salaam's recorded jail telephone calls. So, absent one of the exceptions enumerated in Evid.R. 1004, the admission of Officer Kowalski's testimony was in violation of Evid.R. 1002, which required that an original recording of the telephone calls be introduced into evidence to prove the content of the calls. None of the exceptions in Evid.R. 1004 were present in this case. The state had several discs containing the original recordings of Salaam's telephone calls in its possession and

attempted to admit the recordings into evidence. But the trial court would not admit the recordings, because they had not been properly authenticated by the employee of the Hamilton County Sheriff's Department who had generated them. The original recordings of the telephone calls were not unavailable, and could have been introduced into evidence if the state had taken the appropriate means to authenticate them.

{¶9} Because the original recordings were necessary to prove the content of the calls pursuant to Evid.R. 1002, the trial court erred in allowing Officer Kowalski to testify about the content of Salaam's jail telephone calls. *See State v. Holland*, 10th Dist. Franklin No. 73AP-290, 1974 Ohio App. LEXIS 3804, *3 (Mar. 12, 1974). We must now determine whether the admission of this improper evidence requires that Salaam be granted a new trial, or whether it constituted harmless error. Harmless error is that which is not prejudicial and does not affect the defendant's substantial rights. *See* Crim.R. 52(A); *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 23.

{¶10} Officer Kowalski's testimony revealed that Salaam had threatened Housworth to prevent her from testifying against him, and that he had admitted to slapping Housworth because she had "burned" him. After this testimony was introduced, the state presented additional rebuttal testimony from Housworth. Housworth explained that to "burn" someone was a slang term for infecting someone with a sexually transmitted disease. She further testified that Salaam had not slapped or smacked her during the January 19 incident, and that his reference to slapping her because she had burned him concerned an entirely separate episode.

{¶11}  Salaam was found guilty of domestic violence under R.C. 2919.25(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member."  Housworth testified that Salaam had kicked her behind, and that this kick had caused her pain and left a bruise.  This testimony was sufficient to establish that Salaam had committed domestic violence.  Officer Kowalski's testimony about the content of Salaam's jail telephone calls did not discuss, negate, or contradict this portion of Housworth's testimony.  And because Housworth's testimony provided ample evidence to sustain a conviction for domestic violence, we find that the outcome of the proceedings would not have been different had the offending evidence offered by Officer Kowalski been excised from the record.  The evidence did not impact the verdict or prejudice Salaam.

{¶12}  Because the admission of testimony concerning the jail telephone calls made by Salaam was harmless error, we overrule the first assignment of error.

### Sufficiency and Weight

{¶13}  In his second and third assignments of error, Salaam contends that his conviction for domestic violence was not supported by sufficient evidence and was against the manifest weight of the evidence.  We consider these assignments together.

{¶14}  Following our review of the record, we find that when viewing the evidence presented in the light most favorable to the prosecution, the trial court could reasonably have found the elements of domestic violence proven beyond a reasonable doubt.  *See State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  Nor was this the rare case in which the trier of fact lost its way and committed such a manifest miscarriage of justice in convicting Salaam that his

conviction must be reversed. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). The trial court was in the best position to judge the credibility of the witnesses. It was free to reject the testimony offered by Salaam and to find more credible the testimony offered by Housworth.

{¶15} Salaam further contends that the trial court erred in failing to find that he had acted in self-defense. A defendant asserting self-defense in a nondeadly-force case must prove by a preponderance of the evidence "(1) that he was not at fault in creating the situation; (2) that he reasonably believed that he needed to use some force to defend himself against the imminent use of unlawful force; and (3) that the force used was not likely to cause death or great bodily harm." *State v. Browner*, 1st Dist. Hamilton No. C-100247, 2010 Ohio App. LEXIS 5260, ¶ 8 (Dec. 15, 2010). Here, our analysis ends at the first inquiry. The evidence clearly establishes that Salaam was at fault in creating the violent situation. He instigated the entire altercation when he kicked Housworth in the behind. The trial court did not err in rejecting Salaam's self-defense argument.

{¶16} Salaam last argues that the trial court should have found him guilty of the lesser-included offense of minor-misdemeanor disorderly conduct. This court may modify a defendant's conviction when we find that the evidence establishes that the defendant was not guilty of the crime for which he was convicted, but was guilty of a lesser-included offense. *See State v. Davis*, 1st Dist. Hamilton No. C-040411, 2006-Ohio-4599, ¶ 13. But because we have determined that Salaam's conviction for domestic violence was supported by sufficient evidence, this argument is without merit.

{¶17} Salaam's conviction was supported by both the sufficiency and the weight of the evidence. The second and third assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM** and **MOCK, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.