[Cite as *State v. Watts*, 2019-Ohio-4856.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                            :          APPEAL NO. C-180545
                                                     TRIAL NO. C-18CRB-20171
    Plaintiff-Appellee,              :
                                                     *O P I N I O N.*
  vs.                                     :

ANTONIO WATTS,                            :

    Defendant-Appellant.             :


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 27, 2019


*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Jon Vogt*, Appellate Director, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *Krista Gieske,* Assistant Public Defender*,* for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}    A reunion between two long-time (but now erstwhile) friends, with some early-morning alcohol added to the mix, resulted in an assault charge and conviction for one of them against the other.  Defendant-appellant Antonio Watts now appeals, challenging his conviction as against the manifest weight of the evidence.  But he lost the credibility battle before the trial judge, and we see no basis as to how the court went astray on the record before us.  The defendant also presents a Confrontation Clause argument, but this fails at a threshold level because the state offered no testimonial statement by an unavailable witness at trial.  We therefore affirm the trial court's judgment and overrule the assignments of error.

I.

{¶2}    After a night spent between two old friends, Mr. Watts and Tonia Humphry engaged in a physical altercation upon Mr. Watts's return from an early morning errand (for a neighbor) to procure some additional beer.  After growing tired of awaiting his return, Ms. Humphry decided to leave Mr. Watts's apartment, stopping in the courtyard of the complex to converse with a neighbor, Ruby Mascus, on her way out to enjoy her day.  Both sides present divergent stories as to what happened next.  According to Mr. Watts, upon returning to his apartment complex, an irritated Ms. Humphry greeted him with a punch to his face, seemingly for no apparent reason.  In reaction to Ms. Humphry's aggression, he hit her back, knocking her to the ground.  After this altercation, Mr. Watts claims he quickly ran up to his apartment to make sure Ms. Humphry did not steal anything of his, and then returned to the courtyard to find the police already on the scene, apparently waiting for him.

{¶3}    But there is another side to this story, as Ms. Humphry recalls the incident very differently.  According to her, Mr. Watts angrily stormed into the courtyard, gripping

2

an open beer can, and, despite her attempts to calm him down, he hit her face with the can, slicing her lip. After she regained her footing, Mr. Watts then punched her again, causing her to lose consciousness. The next thing Ms. Humphry recalls is waking up in the hospital.

{¶4} In the midst of these events, Officer Brown arrived on the scene, observing an unconscious and injured female (later identified as Ms. Humphry) being loaded into an ambulance. About an hour later, Officer Brown tracked down Mr. Watts, informing him that he was a suspect of an alleged assault, to which he protested, "She swung on me, so I had to defend myself." Subsequently, Mr. Watts was charged and tried for assault.

{¶5} At trial, testifying in his own defense, Mr. Watts reiterated that he acted only in self-defense when hitting Ms. Humphry. In addition to considering both Mr. Watts's and Ms. Humphry's conflicting accounts of their altercation, the trial court also heard from Officer Brown concerning her observations upon arriving at the scene. But the only other witness to the event (Ms. Mascus, the neighbor) did not testify. The trial court ultimately believed Ms. Humphry's side of the story, finding that Mr. Watts failed to prove his self-defense claim by a preponderance of the evidence, and accordingly it found him guilty of assault. From this conviction, Mr. Watts now presents two assignments of error, challenging first the weight of the evidence in light of his self-defense claim and, second, contending that the court violated his Sixth Amendment right to confront witnesses by admitting at trial statements made by a nontestifying witness.

II.

{¶6} We begin with Mr. Watts's weight of the evidence challenge. When reviewing the weight of the evidence, we must inspect the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude whether, in resolving conflicts in the evidence, the court clearly lost its way and created a manifest

miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We see no such error on the record before us.

{¶7} Mr. Watts maintains that he proved by a preponderance of the evidence that he acted in self-defense when hitting Ms. Humphry, and thus his assault conviction contravenes the manifest weight of the evidence. To establish self-defense in a nondeadly force case, Mr. Watts must prove by a preponderance of the evidence that (1) he was not at fault in creating the situation, (2) he reasonably believed some force was necessary to defend himself against the imminent use of unlawful force, and (3) the force used was unlikely to cause death or great bodily harm. *State v. Salaam*, 2015-Ohio-4552, 47 N.E.3d 495, ¶ 15 (1st Dist.).[1] Importantly, if Mr. Watts "fails to prove any one of the elements of self-defense by a preponderance of the evidence, he has failed to demonstrate that he acted in self-defense." *State v. Kimmell*, 3d Dist. Wyandot No. 16-10-06, 2011-Ohio-660, ¶ 21.

{¶8} After a review of the record, we cannot agree with Mr. Watts that the trial court clearly lost its way. The evidence adduced at trial presents numerous reasons to question his credibility. For instance, although he insisted that he struck Ms. Humphry (only once) in self-defense, upon cross-examination he admitted that he hit her out of anger. He also denied that Ms. Humphry ever lost consciousness, testifying that she seemed more than fine after the incident, which conflicts both with her account and that of Officer Brown, who witnessed her with blood and injuries to her face being whisked away by ambulance. Casting further doubt on his credibility, Mr. Watts confessed he did not remember talking to Officer Brown after the incident because he "was really drunk."

{¶9} In light of the evidence presented at trial, the court had at its disposal testimony from Mr. Watts, Ms. Humphry, and Officer Brown—not to mention the

---

[1] The General Assembly amended R.C. 2901.05 effective March 28, 2019, to shift the burden of proof of self-defense from the defendant to the state. Mr. Watts's trial occurred before this change in the law, and accordingly we address his arguments under the law at the time of trial.

opportunity to view Ms. Humphry's injuries firsthand. While the trial court heard testimony from Mr. Watts disputing the state's evidence and supporting his self-defense claim, the judge, as the trier of fact, could apportion weight to each party's testimony, and did so here, finding Ms. Humphry's story more persuasive. Mr. Watts lost the credibility contest, and on the record before us, we see no basis to disturb his conviction. Accordingly, we overrule his first assignment of error.

## III.

{¶10} Turning to the second assignment of error, Mr. Watts raises a constitutional issue, insisting that the trial court violated his Sixth Amendment right to confront witnesses by permitting Officer Brown to testify regarding out-of-court statements made by nontestifying witness Ms. Mascus. The Sixth Amendment's Confrontation Clause prohibits "testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Although the rule against hearsay and the Confrontation Clause generally protect similar principles, "the Confrontation Clause may bar the admission of evidence that would otherwise be admissible under an exception to the hearsay rule." *State v. Issa*, 93 Ohio St.3d 49, 60, 752 N.E.2d 904 (2001). Regardless, Mr. Watts only presents a Confrontation Clause argument to us in this appeal.

{¶11} Recently, we elaborated upon the Confrontation Clause analysis regarding statements uttered during the course of a police investigation, and the circumstances that tip them into the "testimonial statements" category—including, but not limited to, the absence of an ongoing emergency and instances where the officer's questions and the declarant's answers suggest the primary purpose of the interrogation is to establish facts

possibly relevant later for prosecution. *See State v. Smith*, 1st Dist. Hamilton No. C-180499, 2019-Ohio-3257, ¶ 11. But we need not wrestle with those issues here, because Officer Brown never testified as to any statements made by Ms. Mascus. Instead, Officer Brown merely relayed that she relied on Ms. Mascus's witness statement about the altercation in her decision to charge Mr. Watts with assault:

Q: Okay. So you didn't - - don't tell me anything she said, but you talked to [Ms. Mascus]?

A: Correct.

Q: And that was part of your investigation?

A: Yes.

Q: Okay. So I asked you if you based your decision to file charges on the defendant on anything other than what we talked about? Now we've talked about your conversation with Ruby, is there anything else?

A: The condition of the victim and the witness statements those are what I based my investigation on, and that's why I signed warrants.

{¶12} Officer Brown's references to Ms. Mascus's statements do not trigger Confrontation Clause concerns here because she never revealed the substance of any potentially testimonial statements (following the state's directive not to). We therefore also overrule Mr. Watts's second assignment of error.

{¶13} For the foregoing reasons, we find Mr. Watts's first and second assignments of error lack merit, and are accordingly overruled. The judgment of the trial court is affirmed.

Judgment affirmed.

**MYERS, P. J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.