[Cite as *State v. Smith*, 2022-Ohio-2592.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220008 |
| | | TRIAL NO. B-1906739 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| | : | |
| KEVIN SMITH, | | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 29, 2022


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of John D. Hill* and *John D. Hill, Jr.*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1} In this appeal from defendant-appellant Kevin Smith's convictions for two counts of robbery, he insists that the trial court admitted prejudicial statements into evidence in violation of settled hearsay rules and in contravention of the Confrontation Clause. But the trial court sustained objections to questions that might have elicited such improper testimony, thus we see no evidentiary or constitutional error in the testimony that came in at trial. We accordingly affirm the judgment of the trial court.

I.

{¶2} Following a robbery of a Walgreens pharmacy, Mr. Smith was charged with two counts of robbery. The matter proceeded to a jury trial where the central question was the identity of the perpetrator.

{¶3} A Walgreens cashier testified that, on the night of the robbery, a man approached the counter—ostensibly with a firearm hidden beneath his shirt—and demanded that he hand over the register's contents and ten packs of cigarettes on the pain of death. After the store manager was alerted to the situation, the cashier unlocked the register and handed roughly $800 in cash to the man. As police sirens sounded in the distance, the robber fled the store without waiting for his cigarettes.

{¶4} Upon arrival, a detective reviewed store video surveillance footage and noticed that the perpetrator spoke with a man (later identified as Brandon Super) shortly before the robbery commenced. It appeared that the two individuals knew each other, and Mr. Super exited the store shortly before the robbery commenced.

{¶5} Based on information provided by Mr. Super, police investigated the nearby Drop-Inn Center for individuals with the surname Smith. After identifying Mr. Smith as a potential suspect, the officers developed a lineup of six people. The cashier picked out Mr. Smith from the lineup as the perpetrator with "83 percent" certainty. Then, at trial, both the

cashier and store manager identified Mr. Smith as the perpetrator. The jury ultimately convicted Mr. Smith of two counts of robbery. This appeal followed.

## II.

**{¶6}** Mr. Smith maintains that the officer's testimony explaining that Mr. Super provided information on the possible suspect violated the prohibition against hearsay and his right to confront witnesses.

**{¶7}** "Although the hearsay rule (along with its exceptions) and the Confrontation Clause protect similar values, the United States Supreme Court has repeatedly noted that the two are not coextensive." *State v. Dever*, 64 Ohio St.3d 401, 415, 596 N.E.2d 436 (1992). "Hearsay evidence is generally inadmissible to prove or disprove facts relevant to material issues in a case." *State v. Finnell*, 1st Dist. Hamilton Nos. C-140547 and C-140548, 2015-Ohio-4842, ¶ 29, citing Evid.R. 802. "Hearsay is defined as an out-of-court statement 'other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.' " *State v. Smith*, 2019-Ohio-3257, 141 N.E.3d 590, ¶ 15 (1st Dist.), quoting Evid.R. 801(C). "A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion." Evid.R. 801(A).

**{¶8}** On the other hand, "[t]he Sixth Amendment's Confrontation Clause prohibits 'testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.' " *State v. Watts*, 1st Dist. Hamilton No. C-180545, 2019-Ohio-4856, ¶ 10, quoting *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). "[T]estimonial statements are those made for 'a primary purpose of creating an out-of-court substitute for trial testimony.' " *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, 9 N.E.3d 930, ¶ 40, quoting *Michigan v. Bryant*, 562 U.S. 344, 358, 131 S.Ct. 1143, 179 L.Ed.2d 93 (2011).

{**¶9**} Mr. Smith insists that the following line of inquiry violated the hearsay prohibition and his right to confront witnesses:

PROSECUTOR: Did you—based upon the conversation and the investigation undertaken with Donna Super and Brandon Super, did you go to the Drop-Inn Center?

DETECTIVE: Myself and Officer Newsom met at the Drop-Inn Center, yes.

PROSECUTOR: Okay. And that was based upon information [provided] by Brandon Super?

DEFENSE COUNSEL: Objection.

THE COURT: Sustained.

PROSECUTOR: Were you speaking with the individuals at the Drop-Inn Center about an individual with the last name Smith?

DEFENSE COUNSEL: Objection.

THE COURT: Overruled.

DETECTIVE: That is correct.

PROSECUTOR: And the—did you obtain information from the Drop-Inn Center that indicated a Kevin Smith stayed at the Drop-Inn Center?

DEFENSE COUNSEL: Objection, Your Honor.

THE COURT: You're going to have to ask it differently. Sustained.

PROSECUTOR: So you investigated at the Drop-Inn Center about someone with the last [name] Smith staying there?

DETECTIVE: That's correct.

PROSECUTOR: And based upon information obtained from the Drop-Inn Center, did you compile, develop an individual as a suspect?

DETECTIVE: We did[.]

PROSECUTOR: What's the name of the suspect you developed based on your investigation?

DETECTIVE: Kevin Smith.

**{¶10}** Contrary to Mr. Smith's contention, the only statements that this line of inquiry elicited were the detective's own declarations explaining the steps in his investigation. Missing from this excerpt is any testimony about what Mr. Super said. Although, to be sure, Mr. Super's statements connecting Mr. Smith with the crime might be hearsay and/or violative of the Confrontation Clause (but we don't have those in the record, so we can't say for sure), the trial court sustained defense counsel's objections to questions that sought to elicit such statements, thus averting the admission of any improperly prejudicial statements. This scenario calls to mind the situation in *Watts*, 1st Dist. Hamilton No. C-180545, 2019-Ohio-4856, at ¶ 11-12, which included the following line of inquiry:

Q: Okay. So you didn't—don't tell me anything she said, but you talked to [the witness]?

A: Correct.

Q: And that was part of your investigation?

A: Yes.

Q: Okay. So I asked you if you based your decision to file charges on the defendant on anything other than what we talked about? Now we've talked about your conversation with [the witness], is there anything else?

A: The condition of the victim and the witness statements those are what I based my investigation on, and that's why I signed warrants.

Because this testimony merely explained the steps in the officer's investigation, and "never revealed the substance of any potentially testimonial statements," we held that the testimony did not violate the Confrontation Clause. *Id.*

5

**{¶11}** Even if the trial court committed a hearsay or Confrontation Clause error by admitting out-of-court statements identifying Mr. Smith as the perpetrator, such an error would be harmless because the state provided overwhelming admissible evidence establishing that Mr. Smith committed the crime. *See Smith,* 2019-Ohio-3257, 141 N.E.3d 590, at ¶ 14, 23 ("Much like hearsay errors, Confrontation Clause violations are reviewed for harmless error, and * * * the harmless error analysis for both is indistinguishable. * * * Harmless error review requires: 1) that the defendant was prejudiced by the admission of the improper evidence at trial, 2) that the appellate court believes that the error was 'not harmless beyond a reasonable doubt,' and 3) that after excising the improper evidence, the remaining evidence overwhelmingly supports finding the defendant guilty."). Namely, (1) the cashier and store manager gave a detailed description of Mr. Smith, (2) the cashier picked Mr. Smith out from a police lineup with 83 percent certainty, (3) both the cashier and store manager identified Mr. Smith as the perpetrator at trial, and (4) the arresting officer testified that Mr. Smith confessed after his arrest.

**{¶12}** Accordingly, we conclude that the trial court did not commit reversible error by admitting testimony that purportedly violated the prohibition against hearsay and the Confrontation Clause, but even if it did, any such error was harmless.

\*       \*       \*

**{¶13}** In light of the foregoing, we overrule Mr. Smith's sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS, P. J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

6